SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric John Meisner, | No. CV 09-8048-PCT-DGC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Anders Rosenquist, et al., | |
| Defendants. | |

Plaintiff Eric John Meisner, who is confined in the Federal Correctional Institution in Fort Dix, New Jersey, filed a *pro se* civil rights Complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Doc.# 1.)[1] In an Order filed on June 29, 2009, the Court dismissed the Complaint without leave to amend. (Doc.# 7.) On July 13, 2009, Plaintiff filed a motion for a 30-day extension of time in which to file a motion for reconsideration. (Doc.# 9.) In an Order filed on July 16, 2009, the Court denied the motion because Plaintiff failed to identify any basis for an extension or to articulate any basis for reconsideration. (Doc.# 10.) Plaintiff then filed another motion for extension of time to file a motion for reconsideration, which the Court denied in an Order filed on July 24, 2009. (Doc.# 11, 13.) Before the last Order was entered, Plaintiff filed a motion for reconsideration regarding the denial of an extension of time to file a motion for reconsideration, which is currently before the Court. (Doc.# 12.) He asserts the reason for seeking an extension of time to file a motion for reconsideration was based upon

---

[1] "Doc.#" refers to the docket number of filings in this case.

"shortcomings" in the prison law library. He also seeks copies of all of the unpublished cases cited by the Court and Defendants and copies of all cases listed in Shepard's due to the deficiencies in the prison law library. (Id.) Plaintiff also asserts delays in the handling of prison mail. Plaintiff's motion will also be denied.

While Plaintiff now articulates a reason for seeking an extension of time to file a motion for reconsideration, the reason cited is without merit. Essentially, Plaintiff seeks an extension of time so that he can find a basis for seeking reconsideration. He does not assert any basis for reconsideration, but speculates that a basis could be found if he had greater access to legal materials or a person trained in the law. He asserts that deficiencies in the prison law library and staff have deprived him of meaningful access to the courts.

Plaintiff's assertion that he has been deprived of meaningful access to the courts based on the alleged inadequacy of the prison library lacks merit. The right of meaningful access to the courts prohibits officials from actively interfering with an inmate's attempt to prepare or to file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). That right, however, only encompasses the right to bring a petition or complaint to federal court and not to discover or even effectively litigate claims once filed with a court. Id. at 354; see Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.") The right "guarantees no particular methodology but rather, the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."[2] Lewis, 518 U.S. at 356. Because Plaintiff was able to bring this action in federal court, he has not been denied constitutionally adequate access to the courts.

Plaintiff also moves for copies of unpublished cases cited by the Court or Defendants

---

[2] Further, the denial of access to a paralegal or use of a law library is not actionable if there is no claim of prejudice to an existing or future legal action. Lewis at 351-53. That is, an inmate must establish that he suffered an "actual injury" when he alleges that he was denied access to a paralegal or a law library. See Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).

1 and copies of cases listed in Shepard's. As an initial matter, the Court only cited published 2 cases in its Order dismissing this action and Defendants have not been served or appeared 3 in this action. (Doc.# 7.) Further, as discussed above, inmates are not constitutionally 4 entitled to access to a law library or person trained in the law, nor is an inmate 5 constitutionally entitled to be provided copies of cited cases. Plaintiff's request will be 6 denied.

Finally, Plaintiff argues that the Fort Dix prison mail department sometimes delays in sending or distributing mail, which could interfere with his ability to receive and make filings and obstruct his access to the court. Plaintiff does not set forth any circumstance in which his incoming or outgoing mail has been delayed in connection with this case. To the extent that Plaintiff seeks any relief on that basis, his motion will be denied.

**IT IS ORDERED** that Plaintiff's motion for reconsideration for a time extension to file a motion for reconsideration with motion for copies is **denied**. (Doc.# 12.)

DATED this 13th day of August, 2009.

_____
David G. Campbell
United States District Judge